IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAUL THOMAS TAYLOR, :
　　　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　　　:
vs. : CIVIL ACTION 10-00032-KD-B
　　　　　　　　　　　　　　　　　　　　　:
DEPARTMENT OF HUMAN RESOURCES :
and CHILD SUPPORT, *et al.*, :
　　　　　　　　　　　　　　　　　　　　　:
　　　Defendants.

### REPORT AND RECOMMENDATION

　　　This action is before the Court on review. Plaintiff, who is proceeding *pro se*, filed a Complaint and a Motion to Proceed Without Prepayment of Fees on January 19, 2010. (Docs. 1, 2). In an Order dated January 20, 2010 (Doc. 3), the undersigned observed that Plaintiff's motion was deficient in that Plaintiff provided no information regarding his earnings or his monthly financial obligations. Accordingly, Plaintiff's motion was denied and he was ordered to file a new motion by February 3, 2010. Plaintiff was advised that in lieu of filing a new motion, he could pay the $350 statutory filing fee by February 3, 2010.

　　　Plaintiff did not comply with the Court's directive. A second Order issued on February 10, 2010 (Doc. 4) which directed Plaintiff to file a new motion, or pay the $350 statutory filing fee by February 24, 2010. Plaintiff was expressly cautioned that his failure to comply with the Court's Order, within the prescribed time, would result in the dismissal of this action for failure to

prosecute and to obey the Court's Orders.

A review of the docket reflects that Plaintiff has failed to comply with the Court's directives. As of today's date, the filing fee has not been paid, nor has Plaintiff filed a new motion to proceed without prepayment of fees. In addition, his copy of the Court's Orders have not been returned to the Court.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. See, e.g., Hudson v. Cardwell Corp., Slip Copy, 2006 WL 2135791, *2 (S.D. Ala. July 27, 2006) (Steele, J.). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Department, Slip Copy, 2006 WL 3307444, *1 (11th Cir. Nov. 15, 2006). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id. See

also e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962). Dismissal with prejudice is thus appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. See, e.g., Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Due to Plaintiff's failure to comply with this Court's Orders (Doc. 3, 4) and prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. See, e.g., Link, 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **26th** day of **February, 2010.**

                                            /s/ Sonja F. Bivins
                                        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the

---

[1] The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

4

objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    **/S/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**